Louis RILEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 181 S 3.

Supreme Court of Indiana.

March 10, 1982.

Dennis R. Majewski, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction of two counts of rape, Ind.Code Ann. § 35–42–2–1 (Burns 1979 Repl.), three counts of criminal deviate conduct, Ind. Code Ann. § 35–42–4–2 (Burns 1979 Repl.) and two counts of robbery, Ind.Code Ann. § 35–42–5–1 (Burns 1979 Repl.). Defendant-appellant was sentenced to jail terms of fifty years on one count of rape, and thirty years on each of the other six counts, the sentences to be served consecutively.

On appeal, defendant raises three claims:

(1) that the court exceeded its authority in imposing consecutive sentences;

(2) that the court erred in admitting certain evidence at the sentencing hearing; and

(3) that the court improperly admitted defendant's confession into evidence.

## I.

Defendant asserts that the consecutive sentences violate the ban on double jeopardy imposed by the Fifth Amendment to the United States Constitution because all seven counts actually involved only one criminal act. He contends that only one criminal act occurred because he took both of his female victims to the same place at the same time, raped each one and took their belongings. He further contends that proof of the criminal deviate conduct count required the same proof as did the rape and robbery. Defendant also argues that the fifty year sentence on one of the rape counts was excessive. But even if this Court determines that it is not excessive, he argues, then it is the maximum period to which he could be sentenced because it was "the greatest sentence involving the greatest offense."

In support of the claim that only one criminal act occurred, defendant cites *Thompson v. State*, (1972) 259 Ind. 587, 290 N.E.2d 724. In that case, we said that a defendant charged with both possession and sale of dangerous drugs should have been sentenced only on the greater charge, the sale count, because possession was necessarily included in the statutory definition of sale.

■ The present case is manifestly distinguishable from *Thompson*. First, it is plainly apparent that because there were two victims, the crime or crimes against one are separate and distinct from the crime or crimes against the other.

"The test for determining whether or not separate sentences may be imposed upon multiple counts is whether the offenses charged are themselves the same, not whether they all arose from the same criminal act or course of conduct." *Pruitt v. State*, (1978) 269 Ind. 559, 564–65, 382 N.E.2d 150.

Each count of rape, each count of criminal deviate conduct, and each count of robbery required proof of an additional fact—identity of a different victim—which the other offense did not. Therefore, at least two separate crimes were committed for which separate, and consecutive, sentences could properly be imposed.

Second, the assertion that only one offense occurred as to either victim, has no merit. Proof of rape requires proof, among other things, that a defendant had sexual intercourse with a member of the opposite sex, but proof of either criminal deviate conduct or robbery does not require such proof. Conversely, proof of criminal deviate conduct requires proof that a defendant engaged in "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person," Ind.Code Ann. § 35–41–1–2 (Burns 1979 Repl.), and neither rape nor robbery requires such proof. And proof of robbery requires proof that the defendant has taken property from another person, while neither rape nor criminal deviate conduct requires such proof.

■ Rape, criminal deviate conduct, and robbery are separate and distinct offenses for which separate and consecutive sentences may be imposed, since proof of each requires proof of facts which the other offenses do not require. Defendant has not been punished twice for the same offense.

■ Regarding the assertion that the fifty-year sentence on one count of rape is excessive, no argument is presented in support of the claim, and no suggestion is made that the court failed to support the giving of an enhanced term with a statement of its reasons. Furthermore, the argument that fifty years is the maximum sentence to which defendant could have been exposed has no merit for the reasons set forth above. There was no error in imposing consecutive sentences.

## II.

Defendant next claims that the testimony of Dr. Justin, given during the sentencing hearing, should not have been allowed in evidence because the State had not served the defense with a list of sentencing hearing witnesses, as he asserts it was required to do by a pre-trial motion for production of evidence.

The evidence dealt with one of the victims, M.C. Dr. Justin testified that M.C. was mentally handicapped. Defendant argues that he was prejudiced by this testimony because he received a fifty-year sentence for the rape of M.C., while he received only a thirty-year sentence for the rape of the other victim, B.S.

The record reveals that in assessing aggravating circumstances, the trial court looked to the pre-sentence report and the trial evidence, and based the enhanced sentence on defendant's history of past criminal activity, his need for correctional treatment in a penal institution, and the brutality of the offenses, including the beating of both victims, "most especially [M.C.] with the shovel, hammer, and fist."

■ Thus, no prejudice flowed from error, if any, in admitting the testimony of Dr. Justin, since the trial court did not base

its finding of aggravating circumstances on her testimony. Furthermore, assuming arguendo that the pre-trial discovery order extended beyond the trial to the sentencing hearing, the proper remedy for the State's failure to comply with a discovery order is a continuance, unless the State's failure to produce is so misleading or demonstrates such bad faith that exclusion of the evidence is the only way to preserve a defendant's right to a fair trial. *Chandler v. State*, (1981) Ind., 419 N.E.2d 142. Dr. Justin was called as a State's witness in the course of the State's presentation of its case-in-chief. She testified that she was the family physician for M.C. and her family and that she examined M.C. immediately after the attack. Since Dr. Justin was a State's witness in the trial, defendant cannot claim that he was misled or that the State demonstrated bad faith. Therefore, his failure to request a continuance operates to foreclose review of this issue on appeal.

### III.

Finally, defendant contends that an inculpatory statement that he made to police on the day after the incident should have been suppressed because it was not freely and voluntarily given.

The State is required to prove beyond a reasonable doubt that a defendant's confession was voluntarily given. *Jackson v. State*, (1980) Ind., 411 N.E.2d 609; *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. The evidence on voluntariness was in conflict. Defendant testified at the hearing on a motion to suppress the statement that he was under the influence of drugs, and another witness buttressed his claim. The State presented testimony of Detective Utz, the investigating officer, who stated that defendant was alert, appeared to understand what was going on, and showed no signs of being under the influence of drugs or alcohol. Utz also testified that he had arrested 200 or 300 individuals who were under the influence of drugs or alcohol and had attended a special school on narcotics and dangerous drugs.

It is the task of the trial court to weigh conflicting evidence and upon review of its determination, this Court will consider only the evidence which supports the ruling. *Jackson v. State, supra* at 611. There was sufficient evidence to support the court's determination that the statement was voluntarily and freely given.

The convictions are affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.