Terry MARSHALL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 27A02–9001–CR–66.

Court of Appeals of Indiana,
Second District.

Dec. 20, 1990.

Karon E. Perkins, Columbus, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Terry Marshall appeals the trial court's refusal to vacate his conviction and sen-

tence for operating a vehicle with a blood alcohol content (BAC) of .10% or more resulting in death and his convictions and sentences for six counts of reckless homicide, all class C felonies.

We affirm.

## ISSUES

1. Whether Marshall can be convicted of reckless homicide for each death occasioned by his reckless operation of a motor vehicle.

2. Whether Marshall can be convicted of operating a motor vehicle with a BAC of .10% or more resulting in death and reckless homicide for the death of the same individual.

3. Whether the trial court erred in modifying Marshall's sentence without giving him the opportunity to withdraw his guilty pleas.

4. Whether the trial court erred in refusing to reduce or suspend Marshall's sentences within 180 days of his sentencing.

5. Whether Marshall received effective assistance of counsel.

## FACTS

The evidence most favorable to the State is that six (6) passengers in an automobile Marshall was operating with a BAC of .12% died of injuries they received when Marshall lost control of the vehicle. Marshall was charged and pled guilty to six (6) counts of operating a vehicle with a BAC of .10% or more resulting in death and six (6) counts of reckless homicide. On February 10, 1989 Marshall received several sentences totalling forty (40) years. In July 1989 Marshall filed a motion for modification of his sentence pursuant to IC 35–38–1–17(a) (1988) which allows for modification of sentence within 180 days of a defendant's sentencing.[1] Prior to the hearing on his petition, he also asserted his twelve

convictions and sentences violated the federal double jeopardy clause protection against multiple punishments for the same offense. Marshall also claimed his guilty plea counsel was ineffective because counsel recommended Marshall plead guilty as charged without regard to the double jeopardy issue and because he failed to procure expert opinion evidence as to how the accident occurred with the purpose of establishing Marshall was not the operator of the vehicle at the time of the accident.

The guilty plea court vacated five (5) of Marshall's convictions for operating a vehicle with a BAC of .10% or more resulting in death and reduced his total sentence by eight (8) years; the court reaffirmed the six convictions and sentences for reckless homicide.

## DISCUSSION AND DECISION

### I.

■ Marshall claims the trial court erred in failing to vacate his multiple convictions and sentences for reckless homicide. He argues double jeopardy principles prohibit punishment for more than a single death arising out of a single incident of reckless conduct.

Marshall's multiple convictions for reckless homicide can stand. The issue in considering the double jeopardy clause's protection against multiple punishments for the same offense is one of ascertaining the intent of the lawmakers in enacting the particular criminal statute.

"The whole point of whether multiple offenses of the same statute are committed during a single transaction focuses on the definition of the crime involved." *Hurst v. State* (1984), Ind.App., 464 N.E.2d 19, 21. Thus, the touchstone of whether the double jeopardy clause is violated is the legislature's articulated intent. *See Albernaz v. United States*

---

**1.** IC 35–38–1–17(a) (1988) reads:
 Within one hundred eighty (180) days after:
 (1) the defendant begins serving his sentence;
 (2) a hearing at which the defendant is present and of which the prosecuting attorney has been notified; and

 (3) obtaining a report from the department of correction concerning the defendant's conduct while imprisoned;
 the court may reduce or suspend the sentence. The court must incorporate its reasons in the record.

(1981), 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275.

*Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, 1154. Following this logic, this court in *Kelly* concluded the essence of the crime of operating a vehicle while intoxicated resulting in death is the act of operating a motor vehicle while intoxicated; the result of death is a factor enhancing the crime rather than part of the definition of the crime. Thus, this court concluded only one offense of operating a vehicle while intoxicated resulting in death can be punished although multiple deaths occur. This same logic applies to the offense of operating a vehicle with a BAC of .10% or more resulting in death. The legislature's articulated intent is that the crime consists of the prohibited conduct of operating a vehicle with a BAC of .10% or more and the resultant death is a factor enhancing the punishment. Therefore, the guilty plea court properly vacated five (5) of Marshall's convictions and sentences for operating a motor vehicle with a BAC of .10% or more.

In contrast, reckless homicide is defined as the reckless killing of another human being. IC 35–42–1–5 (1988). In defining the offense, the legislature has articulated its intent that the essence of the crime is the death of another person, i.e., the result is part of the definition of the crime. Accordingly, where several deaths occur in the course of a single incident, the statute has been violated several times over. Therefore, the trial court did not err in refusing to vacate Marshall's convictions of reckless homicide for each of the five decedents for whom his convictions of operating a motor vehicle with a BAC of .10 or more resulting in death were vacated.

## II.

■ Marshall also argues the double jeopardy protection against multiple punishments prohibits his conviction of operating a motor vehicle with a BAC of .10% or more resulting in death and reckless homicide.

The trial court erred in refusing to vacate one of the two convictions for the individual whose death was the basis for a conviction on an operating count and a reckless homicide count.

Two cases have addressed the question whether a defendant can be convicted and punished for reckless homicide and operating a motor vehicle while intoxicated resulting in death. *Drossos v. State* (1982), Ind. App., 442 N.E.2d 1 and *Carter v. State* (1981), Ind.App., 424 N.E.2d 1047 hold a defendant cannot be convicted of both offenses for the same death. Hence, Marshall cannot be convicted of operating a motor vehicle with a BAC of .10% or more resulting in death and reckless homicide for the death of a single individual. Therefore, the trial court erred in failing to vacate either Marshall's conviction and sentence for the operating offense or the reckless homicide offense based upon the death of the same individual.

## III.

■ Citing *Niece v. State* (1983), Ind. App., 456 N.E.2d 1081, Marshall claims the trial court erred in modifying his sentence without giving him the opportunity to withdraw his guilty pleas. This asserted error is unavailing because Marshall never requested leave of the court to withdraw his guilty pleas. Had he wished to do so he should have requested that relief in a timely manner.

## IV.

■ Next Marshall claims the trial court abused its discretion in refusing to modify his sentences under IC 35–38–1–17(a) (1988) which allows for modification of sentences within 180 days of the sentencing. A trial court's decision to reduce or suspend a sentence is discretionary. *See State ex rel. Abel v. Vigo Cir. Ct.* (1984), Ind., 462 N.E.2d 61. Marshall's evidence of his remorsefulness, his good conduct and rehabilitative efforts while incarcerated, and his employment opportunity if he were to be released, is all self-serving and does not inevitably lead to the conclusion the guilty plea court abused its discretion in refusing to further reduce or to suspend Marshall's sentences. The evidence supports the guilty plea court's determination the mere

fact that the process of rehabilitation, the purpose of incarceration, may have started, does not compel a reduction or other modification in Marshall's sentence. As the trial court noted, this is particularly true when Marshall's post-incarceration conduct is balanced against the aggravating circumstances recited in the original sentencing order.

### V.

■ On appeal, Marshall argues he was not represented by effective counsel in the guilty plea court. The burden of a defendant challenging the adequacy of his or her legal representation is to prove counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and must also prove counsel's failure to function was so prejudicial as to deprive the defendant of a fair trial. *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291. When the issue is presented by a defendant who pled guilty the question of prejudice is couched in terms of whether the defendant would not have pled guilty but for the unreasonable conduct. *Burse v. State* (1987), Ind., 515 N.E.2d 1383.

Marshall claims his counsel's conduct was deficient in that he advised Marshall to plead guilty to offenses for which he could not be convicted—the multiple operating counts and an operating count and a reckless homicide count for the same death— and further, failed to secure the testimony of an expert witness to ascertain how the accident occurred to determine whether Marshall was the driver at the time of the accident.

The trial court properly concluded Marshall failed to meet his burden of proving prejudice from the alleged unreasonable professional conduct. The record is devoid of any prejudice to Marshall arising from his attorney's ignorance of this court's decisions in *Kelly*, *Drossos* and *Carter*. Any prejudice has been negated by the judgment of the trial court and this court vacating the inappropriate pleas. Further, Marshall failed to present evidence or even argue that, had he known he could be con-

victed of only six counts of reckless homicide, or five counts of reckless homicide and one count of operating a vehicle with a BAC of .10% or more resulting in death, he would not have pled guilty. In fact, his plea to the twelve counts reasonably supports the inference Marshall would have pled guilty under any circumstance. Finally, Marshall's argument and the record are devoid of any evidence the testimony of an expert was available or that it would have been exculpatory.

Marshall's asserted error based upon his claim his counsel's performance was ineffective is without merit.

Judgment affirmed on five convictions of reckless homicide; cause remanded with instructions to the trial court to vacate the conviction and sentence for either operating a vehicle with a BAC of .10% or more resulting in death or the conviction and sentence for reckless homicide arising from the death of the same individual.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I concur as to Parts II, III and IV. Except to the extent that my dissent upon Issue I impacts upon it, I also concur as to Part V. I concur in part as to Part I and dissent in part as to Part I.

I concur in the majority's holding that the guilty plea court properly vacated five of the convictions for operating with a BAC of .10% or more. I dissent, however from the affirmance of each of the five reckless homicide convictions. In my view only one of those convictions may stand.

Although the majority's focus upon the thrust of the statute which defines the crime is well taken, binding precedent, though aged, compels a contrary conclusion. In *Clem v. State* (1873) 42 Ind. 420, our Supreme Court held that the act of shooting a gun which resulted in the death of two persons permitted only one murder conviction. This case has not been overruled. To the contrary, its rationale finds

continuing validity in recent cases. *See Henderson v. State* (1989) Ind., 534 N.E.2d 1105 citing *Johnson v. State* (1983) Ind., 455 N.E.2d 932; *Randall v. State* (1983) Ind., 455 N.E.2d 916; and *Riley v. State* (1982) Ind., 432 N.E.2d 15 for the proposition that multiple convictions will lie if separate crimes are committed against separate victims. In the case before us, like *Johnson v. State, supra,* homicide is involved. Unlike Johnson, however, here there was only one culpable act. *See Hall v. State* (1986) Ind., 493 N.E.2d 433. Although that single act resulted in multiple deaths, it will permit only one conviction.[1] The conduct was not, as seemingly required in *Kelly v. State* (1988) 2nd Dist.Ind. App., 527 N.E.2d 1148 at 1155, *aff'd on trans.* 539 N.E.2d 25, "directed at each particular victim". Marshall's conduct was *directed* at no person. That singular act affected multiple victims but it was not directed toward those individual victims or toward any one of them.

---

1. Clearly, it is permissible to increase the punishment for the act in relationship to its consequences or in proportion to the number of victims or the severity of injury. But it remains a single act and a single criminal offense. See *Kelly v. State,* supra, 527 N.E.2d at 1155.