Terry MARSHALL, Petitioner,

v.

Robert A. FARLEY, and Indiana
Attorney General,
Respondents.

No. S93–31(S).

United States District Court,
N.D. Indiana,
South Bend Division.

May 19, 1993.

Terry Marshall, pro se.

Wayne E. Uhl, Indianapolis, IN, for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On January 21, 1993, *pro se* petitioner, Terry Marshall, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The response filed by the respondents on March 30, 1993, demonstrates the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982). The state court record has been filed and examined pursuant to the mandates of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). On April 16, 1993, the petitioner filed a series of *pro se* motions.

Initially, this petitioner was charged with six counts of operating a motor vehicle under the influence and resulting in death, namely counts 1, 3, 5, 7, 9 and 11, one for each death, and six counts of reckless homicide, counts 2, 4, 6, 8, 10 and 12. Represented by counsel on January 18, 1989, petitioner entered a plea of guilty to all 12 counts under a plea agreement in which the state prosecutor agreed to make no recommendation. Therefore, the petitioner was convicted in the Grant Circuit Court, Marion, Indiana, with the Honorable Thomas R. Hunt, Judge of the Grant Circuit Court presiding, by virtue of the aforementioned plea of guilty to six counts of operating a motor vehicle with a blood alcohol content (BAC) of .10% or more resulting in death, and six counts of reckless homicide. That plea agreement provided

that the maximum sentence for each count was eight years and that the state trial court could order the sentences to be served concurrently or consecutively. The state trial judge held a sentencing hearing on February 10, 1989, and sentenced this petitioner to eight years on each count with counts 1 through 4 to be served consecutively, and counts 5 through 12 to be served concurrently to each other, but consecutively to counts 1 through 4, making a total of 40 years. On October 17, 1989, the petitioner filed for a modification of his sentence and the state trial court granted the petitioner's request. The state trial court vacated 5 of the 6 operating while intoxicated convictions, namely counts 3, 5, 7, 9 and 11, resulting in a reduction of the original 40–year sentence to 32 years.

Subsequently, a direct appeal was taken to the Court of Appeals of Indiana which, in a published opinion written by presiding Judge Shields, reported as *Marshall v. State,* 563 N.E.2d 1341 (Ind.App.1990), affirmed the five convictions of reckless homicide but remanded with instructions to the state trial court to vacate the conviction and sentence on either operating a motor vehicle with a BAC of .10% or more resulting in death, or the conviction and sentence for reckless homicide arising from death of the same individual. Part I of Judge Shields' opinion required close attention. It is also necessary to look closely at the concurrent and dissenting opinion of Judge Sullivan at pages 1344–1345. The Supreme Court of Indiana denied transfer.

The matter then returned to the state trial court which on June 19, 1991, vacated the judgment of conviction on Count 1 and reaffirmed its original judgment on Counts 2, 4, 6, 8, 10 and 12, resulting in a sentence of 24 years. This petitioner is now serving not a 40–year sentence, but a 24–year sentence as above described. He is serving a 24–year sentence on six counts of reckless homicide. Here, the petitioner raises two basic issues. First, the petitioner contends that his multiple convictions of reckless homicide arising out of a single transaction violates the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment of the Constitution of the United States. Secondly, the petitioner asserts that the state trial court should have permitted him to withdraw his guilty plea.

■ The petitioner contends here that this most recent version of his sentence violates the Double Jeopardy Clause of the Fifth Amendment. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), the Supreme Court outlined the basic purposes of the Double Jeopardy Clause. The Court explained that the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, or a second prosecution for the same offense after conviction, and finally, it protects against multiple punishments for the same offense. *Id.* at 717, 89 S.Ct. at 2076. Here, the petitioner is alleging a double jeopardy protection of the third ilk–multiple punishments for the same offense.

In evaluating the petitioner's claim, this court must be respectful of the judges of the Court of Appeals of Indiana in their analysis of the legislative intent as provided in Parts I and II of Judge Shields' opinion at 563 N.E.2d 1341. However, it is the obligation of this court to make a fresh and independent examination of any constitutional issues that are involved under *Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985). Initially, this court notes the handling of this issue by Judge Shields in *Marshall v. State, supra,* wherein the court explained:

[The petitioner] claims the trial court erred in failing to vacate his multiple convictions and sentences for reckless homicide. He argues double jeopardy principles prohibit punishment for more than a single death arising out of a single incident of reckless conduct.

[The petitioner's] multiple convictions for reckless homicide can stand. The issue in considering the double jeopardy clause's protection against multiple punishments for the same offense is one of ascertaining the intent of the lawmakers in enacting the particular criminal statute.

"The whole point of whether multiple offenses for the same statute are committed during a single transaction focuses on the definition of the crime in-

volved." *Hurst v. State* (1984), Ind. App., 464 N.E.2d 19, 21. Thus, the touchstone of whether the double jeopardy clause is violated is the legislature's articulated intent. *See Albernaz v. United States* (1981), 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275.

*Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, 1154. Following this logic, this court in *Kelly* concluded the essence of the crime of operating a vehicle while intoxicated resulting in death is the act of operating a motor vehicle while intoxicated; the result of death is a factor enhancing the crime rather than part of the definition of the crime. Thus, this court concluded only one offense of operating a vehicle while intoxicated resulting is death can be punished although multiple deaths occur. This same logic applies to the offense of operating a vehicle with a BAC of .10% or more resulting in death. The legislature's articulated intent is that the crime consists of the prohibited conduct of operating a vehicle with a BAC of .10% or more and the resulting death is a factor enhancing the punishment. Therefore, the guilty plea court properly vacated five (5) of [the petitioner's] convictions and sentenced for operating a motor vehicle with a BAC of .10% or more.

In contrast, reckless homicide is defined as the reckless killing of another human being. I.C. 35–42–1–5 (1988). In defining the offense, the legislature has articulated its intent that the essence of the crime is the death of another person, i.e., the result is part of the definition of the crime. Accordingly, where several deaths occur in the course of a single incident, the statute has been violated several times over. Therefore, the trial court did not err in refusing to vacate [the petitioner's] convictions of reckless homicide for each of the five decedents for whom his convictions of operating a motor vehicle with a BAC or 10% or more resulting in death were vacated.

*Id.* at 1342–43.

This court also notes that in *Kelly v. State,* 527 N.E.2d 1148 (Ind.App.2d Dist.1988), the court, again, speaking through Judge Shields, explained:

In crimes such as murder, manslaughter, battery, and reckless homicide, the gravamen of the offense is causing the death or injury of another person, i.e. the result is part of the definition of the crime. Thus, in these offenses where several deaths or injuries occur in the course of a single incident, the offense prohibited by statute has been violated several times over. The separate victims represent different offenses' because conduct has been directed at each particular victim.

*Id.* at 1155.

In addition, this court notes that Judge Shields cites *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981), in support of the proposition that the Double Jeopardy Clause's protection against multiple punishments for the same offense is one of ascertaining the intent of the lawmakers in enacting the particular criminal statute. *Marshall,* 563 N.E.2d at 1342. This court also notes, as did Judge Shields, that *Albernaz* is dispositive to the analysis of this double jeopardy claim. In *Albernaz, supra,* the defendants were convicted of conspiracy to import and distribute marijuana and received consecutive sentences on each count. The petitioners were charged and convicted under two separate statutory provisions. The length of each of their combined sentences exceeded the maximum five year sentence which could of been imposed either for a conviction of conspiracy to import or for a conspiracy to distribute. Therefore, the petitioners argued that even if the cumulative punishment was authorized by Congress, such punishment is barred by the Double Jeopardy Clause of the Fifth Amendment.

In evaluating the abovementioned scenario, the *Albernaz* Court, speaking through Justice Rehnquist, held that whether a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized. *Id.,* 450 U.S. at 344, 101 S.Ct. at 1145. The Court indicated that Congress intended to permit the imposition of consecutive sentences for violations of both the abovemen-

tioned crimes. Next, the Court reiterated the parameters of the Double Jeopardy Clause explaining that the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal; against a second prosecution for the offense after conviction; and against multiple punishments for the same offense. *Id.* at 343, 101 S.Ct. at 1144, *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Finally, the Court explained:

[I]n *Whalen v. United States* [445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)], this Court stated that 'the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized.' 445 U.S., at 688 [100 S.Ct. at 1436] (citations omitted). In determining the permissibility of the imposition of cumulative punishment for the crime of rape and the crime of unintentional killing in the course of rape, the Court, recognized that the 'dispositive question' was whether Congress intended to authorize separate punishments for the two crimes. *Id.,* at 689 [100 S.Ct. at 1436]. . . . This is so because the 'power to define criminal offenses and to prescribe punishments to be imposed upon those found guilty of them, resides wholly with the Congress.' *Ibid.* As we previously noted in *Brown v. Ohio* [432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977)], '[w]here consecutive sentences are imposed at a single trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.' 432 U.S., at 165 [97 S.Ct. at 2225]. . . . Thus, the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed. Where Congress intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.

*Id.*

This court also notes several Supreme Court opinions that cogently evaluate this aspect of double jeopardy. In *Banner v. Davis,* 886 F.2d 777 (6th Cir.1989), the Sixth Circuit, speaking through Chief Judge Engel, explained the confluence of the abovementioned factors:

When assessing the intent of a state legislature, a federal court is bound by the state court's construction of the state's own statutes. See *Missouri v. Hunter,* 459 U.S. [359] at 368, 103 S.Ct. [673] at 679 [74 L.Ed.2d 535 (1983)]; *O'Brien v. Skinner,* 414 U.S. 524, 531, 94 S.Ct. 740, 744[,] 38 L.Ed.2d 702 (1974). Under the double jeopardy clause, when evaluating whether a state legislature intended to prescribe cumulative punishments for a single criminal incident, a federal court is bound by a state court's determination of the state legislature's intent. See *Ohio v. Johnson,* 467 U.S. [493] at 499, 104 S.Ct. [2536] at 2541 [81 L.Ed.2d 425 (1984)] ("We accept, as we must, the Ohio Supreme Court's determination that the Ohio legislature did not intend cumulative punishment for the two pairs of crimes involved here."); *Missouri v. Hunter,* 459 U.S. at 368, 103 S.Ct. at 679 ("In addition, the Missouri Supreme Court has recognized that the legislature intended that punishment for violations of the statutes be cumulative. We are bound to accept the Missouri court's construction of the State's statutes."); *Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977) (Ohio Court of Appeals had "final authority. to interpret that state's legislation."). As we observed in *Smith v. Sowders,* 848 F.2d 735, 739 (6th Cir.1988), "[t]he only significance of the 'same transaction' inquiry of the Kentucky Court of Appeals was to determine whether state law required the thefts to be treated as single offense. That court's determination ended the inquiry. State courts interpret state criminal statutes, and their interpretations are binding on federal courts." See also *Hall v. Wainwright,* 493 F.2d 37, 41 (5th Cir.1974).

*Id.* at 780.

The Supreme Court opinions in the abovementioned opinion of the Sixth Circuit also serve to enlighten this court on the interplay

between legislative intent and double jeopardy. In *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the defendant was convicted of both first degree robbery and armed criminal action and was sentenced to concurrent prison terms of ten years for the robbery and fifteen years for the armed criminal action. The defendant argued that the sentence for both robbery and armed criminal action violated the Double Jeopardy Clause. *Hunter,* 459 U.S. at 363, 103 S.Ct. at 676.

In holding that the defendant's conviction and sentence did not violate the Double Jeopardy Clause, the Court reiterated that the it is solely the province of the state legislature to prescribe the scope of punishment:

> Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger,* a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Hunter,* 459 U.S. at 360, 103 S.Ct. at 675.

More recently, in *Jones v. Thomas,* 491 U.S. 376, 109 S.Ct. 2522, 105 L.Ed.2d 322 (1989), the defendant was convicted of first degree felony murder and attempted robbery. The trial court sentenced the defendant to fifteen years for the attempted robbery and a consecutive sentence of life imprisonment for the felony murder. The defendant argued that it was improper for the trial court to impose separate sentences for felony murder and the underlying felony-the attempted robbery. The Missouri Supreme Court, during the pendency of the respondent's appeal, ruled in an unrelated matter that the Missouri Legislature had not intended to allow separate punishments under the felony murder statutes. *Id.*

The Supreme Court recognizing the efficacy and scope of the Missouri State Legislature's charge held that:

> The answer turns on the interest that the Double Jeopardy Clause seeks to protect. Our cases establish that in the multiple punishments context, that interest is "limited to ensuring that the total punishment did not exceed that authorized by the [state] legislature." *United States v. Halper,* 490 U.S. 435, 450, 109 S.Ct. 1892, 1903, 104 L.Ed.2d 487 (1989); ... *Missouri v. Hunter,* 459 U.S. 359, 366–367, 103 S.Ct. 673, 678–679, 74 L.Ed.2d 535 (1983). The purpose is to ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments. [citation omitted] In this case, respondent's conviction of both felony murder and attempted robbery gave rise to a double jeopardy claim only because the Missouri Legislature did not intend to allow conviction and punishment for *both* felony murder and the underlying felony. [citations omitted, emphasis original].

*Id.*

The Seventh Circuit discussed the ramifications of a situation of this ilk in *United States v. Powell,* 894 F.2d 895 (7th Cir.1990), cert. denied sub nom., *Powell v. United States,* 495 U.S. 939, 110 S.Ct. 2189, 109 L.Ed.2d 517 (1990), and explained:

> In *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), the Supreme Court held that where cumulative punishment under two statutes is specifically authorized, regardless of whether these two statutes create the 'same offense' under the *Blockburger* test, 'the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.' *Hunter,* 459 U.S. at 369, 103 S.Ct. at 679. Thus in a case where Congress specifically authorizes cumulative punishment, whether the two statutes 'flunk' the *Blockburger* test is irrelevant. Cf. *United States v. Molina–Uribe,* 853 F.2d 1193, 1208 (5th Cir.1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989) (Congress specifically authorized cumulative punishment under 18 U.S.C. §§ 1111, 1114 and 18 U.S.C. § 924(c)(1); therefore, under *Hunter,* defendant's conviction and sentence under 18 U.S.C. § 924(c)(1) do not violate the double jeopardy clause regardless of the result under *Blockburger*).

Because we determine later in the opinion the Congress specifically authorized cumulative punishment in this situation, we need not decide whether the conspiracy and the firearm offense alleged in the indictment are the same under *Blockburger.*

*Id.* at 899–900.

■ Therefore, in light of the foregoing, this court finds difficulty with the petitioner's assertion that the abovementioned facts amount to a violation of the Double Jeopardy Clause. As explained in *Kelly, supra,* reckless homicide is predicated upon causing a death and the death is part of the definition of the crime. Therefore, insofar as there were six counts of reckless homicide, there is no double jeopardy violation. There is no dispute that this petitioner operated a motor vehicle with a BAC of .10%, causing a collision that resulted in the deaths of six persons. It is also undisputed that he entered a plea of guilty to six counts of reckless homicide, which is defined in I.C. 35–42–1–5:

**35–42–1–5 Reckless Homicide**

Sec. 5. A person who recklessly kills another human being commits reckless homicide, a Class C felony.

*Indiana Code* 35–42–1–5. When a criminal defendant has been subjected to multiple punishments imposed in a single trial, the Double Jeopardy Clause does no more that prevent the sentencing court from prescribing a greater punishment than that intended by a state's legislature as explained by *Albernaz* and its progeny.[1]

The Supreme Court of Indiana declined the opportunity to review Judge Shields' opinion. The linchpin of her opinion is that the General Assembly of Indiana intended that multiple convictions for reckless homicide could be imposed if more than one person was killed in a single incident. Judge Shields, joined by Judge Robertson on this issue, is as good or even better judge of the intent of the Indiana General Assembly than is this court. This court is not in a position to gainsay that determination, although it has enormous respect for the opinions on such subjects of veteran Court of Appeals Judge Patrick Sullivan. Again, in light of the foregoing, this court finds no double jeopardy violation.

■ This court is hard pressed to find a constitutional issue in the second claim presented by this petitioner. The petitioner claims that the state trial court should have permitted him to withdraw his guilty plea *sua sponte* after denying his motion for modification of sentence. The Attorney General invites this court to bottom its decision on this second issue on procedural default, citing *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), and *Williams v. Chrans,* 894 F.2d 928 (7th Cir.1990). The Attorney General may be correct, but this court does not find it necessary to bottom its decision on procedural default, but rather to state that there is simply no violation of the Constitution of the United States asserted or shown.

Therefore, the petition must be **DENIED.** This renders **MOOT** the necessity of any ruling on the motions filed on April 6, but to the extent that the records needs to be made absolutely clear, those motions are **DENIED. IT IS SO ORDERED.**

---

1. The Seventh Circuit in *United States v. Marren,* 890 F.2d 924 (7th Cir.1989), discussed this issue:

    An exception, however, exists where Congress has manifested an intent to authorize multiple punishments for conduct that violates two statutory provisions *Albernaz v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); *American Tobacco Co. v. United States,* 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575 (1946). When such legislative intent is not readily discernible, courts use the test established by the Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to determine whether Congress intended to authorize multiple punishments. *United States v. Jones,* 808 F.2d 561 (7th Cir.1986). Under *Blockburger,* two offenses are considered separately punishable if each statutory provision requires proof of a fact that the other does not. *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182; *United States v. Patterson,* 782 F.2d 68, 72 (7th Cir.1986); *United States v. Dunigan,* 884 F.2d 1010, 1013 (7th Cir.1989).

    *Id.*