## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

Jul 28 2017, 5:59 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mark J. Cottey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 28, 2017

Court of Appeals Case No.
20A03-1701-CR-148

Appeal from the Elkhart Circuit
Court.
The Honorable Michael A.
Christofeno, Judge.
Trial Court Cause No.
20C01-1102-FB-7

**Sharpnack, Senior Judge**

## Statement of the Case

[1]     Mark J. Cottey appeals the denial of his motion for sentence modification.  We
affirm.

# Issue

Cottey raises one issue, which we restate as: whether the trial court abused its discretion in denying Cottey's motion.

# Facts and Procedural History

In 2011, the State charged Cottey with three counts of armed robbery, all Class B felonies. Cottey had driven an acquaintance to several convenience stores, where the acquaintance robbed a total of three people at gunpoint. The acquaintance discharged the gun during one of the robberies.

On September 14, 2011, Cottey and the State signed a plea agreement. Per the terms of the agreement, Cottey would receive a stipulated total sentence of thirty-five years, with ten years suspended to probation. The agreement further provided, "The State shall confer jurisdiction to the [trial court] to consider a modification in calendar year 2016." Appellant's App. Vol. 2, p. 18. The trial court accepted the plea agreement and sentenced Cottey according to its terms.

On December 5, 2016, Cottey filed a motion for sentence modification, asking to be placed in a home detention program. The court denied the motion without a hearing but ordered a status report from the Indiana Department of Correction, indicating that the court could change its mind depending upon the contents of the report. After receiving the report, the court reaffirmed its denial of Cottey's motion for sentence modification, citing his "substantial conduct violation history" while incarcerated. *Id.* at 7. Cottey filed a motion to reconsider, which the court denied. This appeal followed.

# Discussion and Decision

[6] Upon a defendant's motion, a trial court may "reduce or suspend" a sentence after reviewing a report from the Indiana Department of Correction. Ind. Code § 35-38-1-17 (2010). We review a trial court's decision on a motion for sentence modification for abuse of discretion. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010). An abuse of discretion occurs when the trial court's decision "is clearly against the logic and effect of the facts and circumstances or it is a misinterpretation of the law." *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014).

[7] Cottey argues the trial court misstated his prison conduct record because he had only one violation, in 2013. He further argues the violation was minor in nature and is outweighed by his many achievements while incarcerated. Specifically, Cottey obtained his GED, completed an apprenticeship job training program, and completed many programs for self-improvement. In addition, he claims he has a support network that will assist him once he leaves prison and that he is remorseful for his crimes.

[8] The State responds that Cottey's conduct while incarcerated must be considered in perspective with his criminal offenses and his sentence. We agree. *See Marshall v. State*, 563 N.E.2d 1341, 1344 (Ind. Ct. App. 1990) (post-incarceration conduct should be balanced against sentencing considerations in considering a motion for sentence modification), *trans. denied*. Cottey pleaded guilty to three counts of armed robbery, all Class B felonies. As the trial court noted during a pretrial hearing, "It's a pretty serious situation." Tr. Vol. II, p.

5.  Despite the severity of the crimes, the parties negotiated a plea agreement, and Cottey received an executed sentence of twenty-five years (plus ten to be served on probation), well short of the maximum possible sentence of sixty years.  *See* Ind. Code § 35-50-2-5 (2005) (twenty years is the maximum sentence for a Class B felony).  At the sentencing hearing, the prosecutor stated he had agreed to the lesser sentence due to Cottey's relatively minor criminal record, his young age, and his lesser degree of participation in the robberies.

[9] Considering Cottey's relatively short executed sentence and the opportunity that was granted to him to seek a sentence modification in 2016, it was not unreasonable for the trial court to hold Cottey to a high standard of conduct while imprisoned.  Cottey's efforts to improve himself and correct his behavior are commendable, but we cannot conclude the trial court acted against the logic and effects of the facts and circumstances before it by denying Cottey's motion for sentence modification.

## Conclusion

[10] For the reasons stated above, we affirm the judgment of the trial court.

[11] Affirmed.

Pyle, J., concurs.

Robb, J., dissents without opinion.