## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

Mar 28 2018, 9:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



APPELLANT, PRO SE

Bryant T. Harris
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bryant T. Harris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 28, 2018

Court of Appeals Case No.
22A01-1707-CR-1561

Appeal from the Floyd Superior Court

The Honorable Maria D. Granger, Judge

Trial Court Cause No.
22D03-1302-FA-349

**Pyle, Judge.**

## Statement of the Case

Bryant T. Harris ("Harris") appeals *pro se* the denial of his motion for a sentence modification. Concluding that the trial court did not abuse its discretion in denying Harris' motion, we affirm the trial court's judgment.

We affirm.

## Issue

> Whether the trial court abused its discretion in denying Harris' motion for a sentence modification.

## Facts

In February 2013, the State charged Harris with Class A felony dealing in a controlled substance and three counts of Class C felony dealing in marijuana. In August 2014, the State and Harris reached a plea agreement wherein Harris agreed to plead guilty to the lesser included offenses of Class B felony dealing in a controlled substance and Class A misdemeanor dealing in marijuana. The State also agreed to dismiss the two remaining Class C felony dealing in marijuana charges. The plea agreement included a fixed sentence of fifteen years executed in the Department of Correction for the Class B felony dealing in a controlled substance conviction and one year executed for the Class A misdemeanor dealing in marijuana conviction. Pursuant to the terms of the plea agreement, the sentences were to run concurrently to each other for a total executed sentence of fifteen years. That sentence was to run consecutively to

Harris' sentence in another cause. Harris also agreed to waive his right to appeal his conviction and sentence.

[4] In October 2014, the trial court held a hearing wherein it accepted the plea agreement. During the hearing, the trial court made Harris's pre-sentence investigation report ("PSI") part of the record. The PSI revealed that twenty-two-year-old Harris had a criminal history that spanned seven years. Specifically, Harris' juvenile history included arrests for battery with injury and incorrigibility in 2007 and battery in 2008. After he admitted to the 2008 battery offense, Harris was placed at Southwest Indiana Regional Youth Village to receive behavior modification and drug counseling. He was subsequently removed from the program and placed in a detention center before he was released to supervised probation a month later. As an adult, Harris pled guilty to Class C felony battery and was sentenced to one year in the Floyd County Jail and two years on probation. In 2012, Harris' probation was revoked and he was ordered to serve ninety days on home detention. One year later, another revocation petition was filed alleging that Harris had violated the terms of home detention. The revocation petition was amended when Harris was charged with the criminal offenses in this case. At the time of the October 2014 hearing, Harris also had charges pending for Class D felony theft and Class B misdemeanor battery in another cause.

[5] The PSI further revealed that Harris had been expelled from high school when he was arrested for the Class C felony battery offense. He had worked for his uncle's lawn service for two years following his expulsion from school but had

quit the job in 2010 because he was "tired" of working with his uncle. (App. Vol. 2 at 16). Harris had not been employed for four years at the time of the hearing. Lastly, the PSI revealed that Harris had admitted to a three-year history of daily drug use. Following the hearing, the trial court sentenced Harris pursuant to the terms of the plea agreement.

[6] Harris filed a motion for a sentence modification in June 2017. In the motion, Harris asked the trial court to modify his placement to a community corrections program. In support of his motion, Harris explained that he had obtained his High School Equivalency Diploma and that he had completed four twelve-week programs where he had learned to: (1) "change his addictive and criminal thinking behaviors;" (2) become a better parent; (3) "identify his thinking errors and his need to take responsibility for his actions;" and (4) consider the impact of his crimes on victims. (App. Vol. 2 at 28). The trial court denied Harris' motion without a hearing. The trial court's order provides, in relevant part, as follows:

1. [Harris] was sentenced under the terms of a Plea Agreement with the State of Indiana accepted by the Court on October 15, 2014.

2. [Harris] is bound by the terms of the Plea Agreement.

3. [Harris] is in need of further reformation that is best achieved in a correctional penal facility.

(App. Vol. 2 at 32). Harris appeals the denial of his motion.

## Decision

[7] Harris argues that the trial court abused its discretion in denying his motion for a sentence modification. We review a trial court's decision regarding modification of a sentence for an abuse of discretion. *Johnson v. State*, 36 N.E.3d 1130, 1133 (Ind. Ct. App. 2015) *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[8] Here, the trial court denied Harris' petition after concluding that he was in need of reformation best achieved in a correctional penal facility. Our review of the evidence reveals that at the time of sentencing, twenty-two-year-old Harris had "failed to reform his ways despite the numerous opportunities he had been given through his prior contact[s] with the juvenile and criminal justice system[s]." (State's Br. at 11). Specifically, as both a juvenile and an adult, Harris had received alternative sentencing in the form of counseling, probation, and home detention. However, as the State points out, "instead of changing his ways, [Harris had] committed the instant drug dealing offenses while on home detention and [had] accumulated charges in two other criminal matters." (State's Br. 11). The evidence further reveals that at the time of the sentencing hearing, Harris had been unemployed for four years and had been using drugs daily for three years. We agree with the State that "while rehabilitative efforts during incarceration are commendable," (State's Br. at 11), "the mere fact that the process of rehabilitation, the purpose of incarceration, may have started, does not compel a reduction or other modification in [a defendant's] sentence."

*Marshall v. State*, 563 N.E.2d 1341, 1343-44 (Ind. Ct. App. 1990), *trans. denied*.

The trial court's decision to deny Harris' motion for sentence modification is

not clearly against the logic and effect of the facts and circumstances before it.

We find no abuse of the trial court's decision.[1]

[9] Affirmed.

Kirsch, J., and Bailey, J., concur.

---

[1] Harris also argues that the trial court erred in denying his motion after concluding that he was bound by the terms of the plea agreement, which provided for a fixed fifteen-year sentence. In *State v. Lamaster*, 84 N.E.3d 630 (Ind. Ct. App. 2017), a panel of this Court held that pursuant to INDIANA CODE § 35-38-1-17(e), the trial court could not modify the sentence of a defendant whose plea agreement called for a fixed sentence because "[a]t the time of sentencing, the trial court was authorized to impose the sentence provided for in the plea agreement." *Id.* at 634. However, another panel of this Court reached the opposite conclusion in *State v. Stafford*, 86 N.E.3d 190 (Ind. Ct. App. 2017), *trans. granted, opinion vacated*. The panel in *Stafford*, held that the anti-waiver provisions of INDIANA CODE § 35-38-1-17(l) meant that sentence modification was available even to a defendant whose plea agreement called for a fixed sentence. *Id.* at 193. The *Stafford* court further held that section 17(e) did not limit the trial court's authority to modify. As noted, the Indiana Supreme Court granted transfer in *Stafford*, thereby vacating the decision. Nevertheless, a divided panel of this Court reached the same conclusion. *See Rodriguez v. State*, No. 20A03-1704-CR-724, 2018 WL 360544 at *5 (Ind. Ct. App. Jan. 11, 2018), *trans. granted*. Because we affirm the trial court's decision on another basis, we need not address Harris' additional argument.