

FILED

Oct 02 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carl Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 2, 2020

Court of Appeals Case No.
19A-CR-2083

Appeal from the
Marion Superior Court

The Honorable
Barbara Crawford, Judge

Trial Court Cause No.
49G01-1807-F5-21906

**Vaidik, Judge.**

## Case Summary

[1] Carl Hill crashed his SUV into a car carrying two women. Both women died, and Hill was later convicted of two counts of reckless homicide. He now appeals, arguing that the two convictions constitute double jeopardy under the

"very same act" rule, which provides that a defendant cannot be convicted and punished for a crime that consists of the very same act as another crime for which the defendant has been convicted and punished. Hill acknowledges that our Supreme Court significantly overhauled Indiana double-jeopardy law in two opinions issued in August: *Wadle v. State* and *Powell v. State*. However, he asserts that those decisions did not eliminate the "very same act" rule. We hold that they did and that, even if they had not, Hill's convictions would not be double jeopardy. We also reject Hill's challenge to his sentence but remand for a minor correction.

## Facts and Procedural History

[2] On the afternoon of March 24, 2018, Hill was driving his Chevy Trailblazer westbound on Crawfordsville Road on the west side of Indianapolis. Despite the road being wet from snow and the speed limit being forty miles per hour, Hill was driving over eighty miles per hour. At the large intersection with Lynhurst Drive, Hill disregarded a red light. Entering the intersection at approximately eighty-nine miles per hour, Hill hit a car driven by sixty-year-old Donna Rosebrough, killing her and her eighty-six-year-old mother, Nola Spears.

[3] The State charged Hill with two counts of reckless homicide, a Level 5 felony, and with being a habitual offender. A jury found Hill guilty on the count of reckless homicide relating to Spears but hung on the count relating to Rosebrough (for reasons not clear from the record). A retrial was set for the

count relating to Rosebrough, but Hill then agreed to plead guilty to that count and to admit to being a habitual offender, with the sentence for each capped at four years. The court sentenced Hill to four years for the reckless homicide of Rosebrough, six years for the reckless homicide of Spears, and four years for being a habitual offender, all consecutive, for a total sentence of fourteen years.

[4] Hill now appeals.

# Discussion and Decision

[5] Hill raises two issues on appeal. He contends that his two convictions for reckless homicide constitute double jeopardy and that his six-year sentence for the reckless homicide of Spears is inappropriate.[1]

# I. Double Jeopardy

[6] Hill first argues that his two convictions for reckless homicide constitute double jeopardy because they arose from one collision. In August, our Supreme Court issued two opinions that significantly altered the approach to claims of double jeopardy that—like the one here—are based on multiple convictions in a single prosecution. *See Wadle v. State*, 151 N.E.3d 227 (Ind. 2020); *Powell v. State*, 151 N.E.3d 256 (Ind. 2020). The Court distinguished these claims of "substantive double jeopardy" from claims of "procedural double jeopardy"—where a

---

[1] The State does not challenge Hill's right to press his double-jeopardy claim, even though Hill pled guilty to the second count of reckless homicide after the jury found him guilty on the other count.

defendant is charged with the same offense in successive prosecutions. Previously, claims of substantive double jeopardy could be made under constitutional tests established in *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)—the "statutory elements" test and the "actual evidence" test—or under a variety of statutory and common-law rules. In *Wadle*, however, the Court overruled the *Richardson* constitutional tests as they apply to claims of substantive double jeopardy. *See Wadle*, 151 N.E.3d at 244.[2] The Court then set forth two new tests that start with statutory interpretation but that also incorporate, where appropriate, the common-law continuous-crime doctrine. *Id.* at 247-50; *Powell*, 151 N.E.3d at 263-65.

[7] The Court explained that claims of substantive double jeopardy "come in two principal varieties: (1) when a single criminal act or transaction violates a single statute but harms multiple victims, and (2) when a single criminal act or transaction violates multiple statutes with common elements and harms one or more victims." *Wadle*, 151 N.E.3d at 247; *see also Powell*, 151 N.E.3d at 263. *Wadle* established the test for the latter scenario, *Powell* the former.

[8] This case implicates the former scenario—a single criminal act violating a single statute (reckless homicide) but harming multiple victims (Rosebrough and Spears). In *Powell*, the Court held that the first step in these situations is to determine whether the statute "indicates a unit of prosecution." 151 N.E.3d at

---

[2] The Court reserved judgment on whether to overrule *Richardson* in the context of "procedural double jeopardy" (i.e., successive prosecutions). *Wadle*, 151 N.E.3d at 244 n.15.

264. If the statute is "conduct-based" (i.e., if the focus of the statute is the defendant's actions rather than the consequences of those actions), only one conviction is permissible, regardless of the number of victims. *Id.* at 265-66. If the statute is "result-based" (i.e., if the result is part of the definition of the crime), multiple convictions are permissible where there are multiple victims. *Id.* at 266. If, however, the statute is ambiguous, the court must continue to the part of the test that incorporates the common-law continuous-crime doctrine and determine "whether the defendant's actions are 'so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction.'" *Id.* at 264 (quoting *Walker v. State*, 932 N.E.2d 733, 735 (Ind. Ct. App. 2010), *reh'g denied*).

[9] Hill makes no argument that his two convictions constitute double jeopardy under the *Powell* test. The reckless-homicide statute, Indiana Code section 35-42-1-5, provides that "[a] person who recklessly kills another human being commits reckless homicide, a Level 5 felony." This is a result-based statute. It focuses on the killing of another human being without requiring any particular conduct by the defendant, other than some reckless act. As such, each death recklessly caused is a "unit of prosecution," and multiple convictions are permissible where multiple people are killed by a single reckless act by the defendant. *See Marshall v. State*, 563 N.E.2d 1341, 1343 (Ind. Ct. App. 1990), *trans. denied*; *Kelly v. State*, 527 N.E.2d 1148, 1155 (Ind. Ct. App. 1988), *aff'd*, 539 N.E.2d 25, 26 (Ind. 1989).

[10] Instead, Hill contends that *Wadle* and *Powell* overruled only the constitutional tests from *Richardson* ("statutory elements" and "actual evidence") and did not eliminate the "five categories of common-law protections" identified by Justice Sullivan in his concurring opinion in *Richardson*, 717 N.E.2d at 55-57 (Sullivan, J., concurring), and later adopted by the full court in *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). *See* Appellant's Reply Br. p. 5. He then argues that his convictions run afoul of one of those five protections—the "very same act" rule, which prohibits "[c]onviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished." *Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring). We disagree on both points.

[11] To begin, the five protections Justice Sullivan identified in his *Richardson* concurrence—including the "very same act" rule—did not survive *Wadle*. In Part I.A of *Wadle*, the Court addressed "long-standing tensions in our double-jeopardy jurisprudence, an area of the law plagued by multiple contextual applications, competing policy concerns, and shifting doctrinal formulations." 151 N.E.3d at 237. That included discussion of both the *Richardson* majority and Justice Sullivan's concurrence. *Id.* at 243-44. "What we're left with," the Court said, "is a patchwork of conflicting precedent[.]" *Id.* at 244. Only after addressing the problems it saw with this established law did the Court "proceed to articulate an analytical framework in which to resolve claims of substantive double jeopardy." *Id.* at 247. In doing so, the Court emphasized that the cases cited by Justice Sullivan "may rely on overruled sources of Indiana authority or

apply analyses under the Fifth Amendment to the United States Constitution" and have "limited precedential value" because "each substantive double-jeopardy claim turns on a unique set of facts, which—along with the applicable statutory offenses—an appellate court reviews de novo." *Id.* at 247 n.20. Reading *Wadle* in its entirety, along with *Powell*, it becomes clear that the Court's intent was to do away with all existing rules and tests for substantive double jeopardy—including both the *Richardson* constitutional tests and Justice Sullivan's five protections—and start from scratch with new tests. The only common-law rule that survived *Wadle* and *Powell* is the continuous-crime doctrine, though only as part of the new tests, not as a separately enforceable double-jeopardy standard.[3]

[12] Moreover, even if *Wadle* had not done away with the "very same act" rule, we would not find double jeopardy. First, as noted above, it has been held that the reckless-homicide statute allows for multiple convictions where a single reckless act kills multiple victims. *See Marshall*, 563 N.E.2d at 1343; *Kelly*, 527 N.E.2d at 1155. And in any event, our Supreme Court has made clear that the five protections outlined in Justice Sullivan's *Richardson* concurrence are not violated where, as here, the convictions at issue involve different victims. *See Bald v. State*, 766 N.E.2d 1170, 1172 n.4 (Ind. 2002); *see also Bunch v. State*, 937

---

[3] Two panels of this Court have held that *Wadle* and *Powell* left undisturbed the five protections identified by Justice Sullivan, including the "very same act" rule. *Shepherd v. State*, --- N.E.3d ---, No. 20A-CR-134 (Ind. Ct. App. Sept. 14, 2020), 2020 WL 5509729; *Rowland v. State*, --- N.E.3d ---, No. 19A-CR-2761 (Ind. Ct. App. Sept. 8, 2020), 2020 WL 5361075. For the reasons just stated, we respectfully disagree.

N.E.2d 839, 847 (Ind. Ct. App. 2010) (relying on footnote four in *Bald* for the same proposition), *trans. denied*.

[13] Hill cites *Clem v. State*, an 1873 opinion in which our Supreme Court stated, "Where, by the discharge of a fire-arm, or a stroke of the same instrument, an injury is inflicted upon two or more persons, or their death is produced, there is but one crime committed." 42 Ind. 420, 429 (1873). In *Powell*, the Court expressly overruled *Clem. See Powell*, 151 N.E.3d at 266 n.12. But that was largely a formality, because "more recent precedent" had already rendered *Clem* "an outlier." *Id.*; *see also Atchley v. State*, 730 N.E.2d 758, 765 (Ind. Ct. App. 2002) (noting "the extensive body of countervailing law that developed in the more than 100 years following the *Clem* decision" and that "the state of double jeopardy law as of 1999 would undoubtedly have permitted multiple convictions for murder where one act caused multiple deaths"), *trans. denied*.

[14] Hill's two convictions for reckless homicide do not constitute double jeopardy.

# II. Sentence

[15] When Hill pled guilty to the reckless homicide of Rosebrough and to being a habitual offender, he waived the right to appeal his sentences for those counts. However, he argues that his six-year sentence for the reckless homicide of Spears is inappropriate and asks us to revise it under Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the

character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[16] Hill's sentence of six years for the reckless homicide of Spears, a Level 5 felony, is the maximum possible sentence for that crime. *See* Ind. Code § 35-50-2-6. He asks us to reduce the sentence to the advisory term of three years or to order the six-year term to run concurrent to his four-year term for the reckless homicide of Rosebrough. We decline to do either.

[17] Hill acknowledges that the facts of this case are "deeply tragic" but argues that they "are not more egregious than the typical offense of reckless homicide." Appellant's Br. p. 21. We're skeptical of that claim. Hill not only ran a red light but did so at nearly fifty miles per hour over the speed limit at a busy intersection that was wet from snow. But even if Hill is right about the nature of his offense, his criminal history alone justifies his maximum sentence. According to the presentence investigation report, between 1993 and 2016 Hill had at least thirteen felony convictions (at least eleven not including the two used to support the habitual-offender finding) and over twenty misdemeanor convictions. These included multiple driving offenses and criminal-recklessness

convictions. Given this extensive history, we cannot say that Hill's six-year sentence for the reckless homicide of Spears is inappropriate.

[18] However, we do remand this matter to the trial court with instructions to attach the four-year habitual-offender enhancement to the six-year sentence for the reckless homicide of Spears, for a total sentence of ten years on that count, as opposed to making the enhancement "consecutive" to the other sentences. *See* Ind. Code § 35-50-2-8(j) ("Habitual offender is a status that results in an enhanced sentence. It is not a separate crime and does not result in a consecutive sentence. The court shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced.").

[19] Affirmed.

Bailey, J., and Weissmann, J., concur.