Jerry W. KELLY, Appellant,

v.

STATE of Indiana, Appellee.

No. 52S02–8906–CR–433.

Supreme Court of Indiana.

June 1, 1989.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Kelly was convicted on two counts and received consecutive eight (8) and (4) year sentences. The first was for operating while intoxicated, resulting in death, I.C. 9–11–2–2 and I.C. 9–11–2–5, the other for operating while intoxicated causing injury, I.C. 9–11–2–4. The Court of Appeals, Second District, affirmed the former and reversed the latter in an opinion appearing as *Kelly v. State* (1988), Ind. App., 527 N.E.2d 1148. Both parties have filed petitions to transfer. They are granted.

The trial below was to the court upon a stipulation of facts. Kelly was intoxicated and, in such state, drove his semi-tractor into a small convoy consisting of two tractors and a pickup truck, each being driven by a member of the Wood family, killing one and injuring another.

On appeal, Kelly made the following claims:

1. His consent to trial on the Stipulation as to Testimony was involuntary,

2. He received ineffective assistance from trial counsel,

3. His sentences were improper.

In resolving the challenge to the sentences, the Court of Appeals concluded that there had been but a single accident that had resulted in the death and the personal injury, and that there had been but a single violation of I.C. 9–11–2–2, the statute defining the crime of operating a vehicle while intoxicated. The court concluded that the legislative intent found in the language and construction of the statute is that where multiple egregious results are produced in a single accident by an intoxicated driver, such results do not increase the number of crimes, only the severity of the penalty. This interpretation of the statute and this application of the statute by the Second District is a true reading of the statute.

The Second District also resolved the remaining claims of appellant Kelly against him in a correct manner. Accordingly this Court does now, per Justices DeBruler and Dickson and Chief Justice Shepard, pursuant to Appellate Rule 11, order that the opinion of the Second District not be vacated or held for naught, but instead that it be and now hereby is in all respects summarily affirmed. Justices Givan and Pivarnik vote to grant transfer and affirm the trial court in all respects, as they read the provisions of this same statute as calling for multiple crimes where multiple injuries or deaths occur as they did in this instance.

Summary affirmance ordered.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN and PIVARNIK, JJ., dissent.