Kevin E. **LOCKHART**, Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 41A01–9310–PC–327.

Court of Appeals of Indiana,
First District.

April 11, 1994.

Transfer Denied June 15, 1994.

Randell R. Shouse, Shouse & Langlois Legal Services, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

NAJAM, Judge.

## STATEMENT OF THE CASE

Kevin E. Lockhart appeals from the denial of his petition for post-conviction relief and raises the sole issue of whether the sentencing court's order imposing consecutive sentences under his plea agreement violated the prohibition against double jeopardy. We affirm.

## FACTS

According to the evidence presented to the post-conviction court, on September 10, 1989, Lockhart recklessly disregarded an automatic traffic signal at the intersection of Highway 37 and Highway 144 in Johnson County and drove his pick-up truck into a car driven by Tina Hamilton. Lockhart had a blood alcohol content of 0.108 percent. His conduct caused the deaths of Ms. Hamilton and her son, Dustin Grimes, and serious injury to her husband Donald Hamilton, another passenger.

Lockhart pled guilty under a written plea agreement to one count of Operating a Vehicle With Ten Hundredths Percent or More Blood Alcohol Content Resulting in Death of Another Person, as a Class C felony, for the death of Grimes; one count of Reckless Homicide, as a Class C felony, for the death of Ms. Hamilton; and one count of Criminal Recklessness, as a Class D felony, for the serious injury to Mr. Hamilton.

Pursuant to the State's recommendations, Lockhart was sentenced to eight years executed for operating a vehicle resulting in death; seven years for reckless homicide, with three years executed and four years suspended; and three years executed for criminal recklessness. The recommendation also provided that the sentences for reckless homicide and criminal recklessness would run concurrently with each other but consecutive to the sentence for operating a vehicle resulting in death. Thus, Lockhart was sentenced to fifteen years, with eleven years executed and four years suspended, and to four years probation.

Lockhart filed his petition for post-conviction relief on April 16, 1992, and contended that the sentencing court violated the prohibition against double jeopardy when it imposed consecutive sentences for his convictions. After a hearing held on April 15, 1993, the post-conviction court denied Lockhart's petition. We will state additional facts where necessary.

## DISCUSSION AND DECISION

### Standard of Review

The purpose of a petition for post-conviction relief is to raise issues unknown or unavailable to a defendant at the time of the original trial and appeal. *Grey v. State* (1990), Ind., 553 N.E.2d 1196, 1197. "Thus, post-conviction relief is not a 'super-appeal' which allows the rehashing of prior proceedings regardless of the circumstances surrounding them." *Collier v. State* (1991), Ind. App., 572 N.E.2d 1299, 1301, *trans. denied.* The petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1 § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* To prevail on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that reached by the post-conviction court. *Id.* Therefore, we must examine Lockhart's allegation of error in light of that standard.

## Consecutive Sentences

■ Lockhart contends the sentencing court's order imposing consecutive sentences for three convictions resulting from his accident violates the prohibition against double jeopardy. Specifically, Lockhart maintains that his intoxication was the predicate act resulting in the deaths of Ms. Hamilton and her son, Grimes, and in Mr. Hamilton's serious bodily injuries. He argues that the same element was used to support his convictions of operating a vehicle resulting in death, reckless homicide, and criminal recklessness, respectively. Thus, Lockhart reasons, the order of consecutive sentences punishes him twice for the same offense. We disagree.

. Lockhart asserts that our decisions in *Kelly v. State* (1988), Ind.App., 527 N.E.2d 1148, *aff'd*, 539 N.E.2d 25, and *Walker v. State* (1991), Ind.App., 582 N.E.2d 877, are factually identical to his case and support his claim that the imposition of consecutive sentences on two separate convictions for alcohol-related deaths violates the double jeopardy clause. Lockhart's reliance on those decisions is misplaced.

Both *Kelly* and *Walker* involved multiple convictions and sentences for operating while intoxicated resulting in death and operating a vehicle with a blood alcohol content of more than 0.10 percent resulting in death, which we held was improper and required reversal. However, neither case involved convictions for reckless homicide. The State concedes that under circumstances such as those in *Kelly* and *Walker*, "multiple convictions ... normally must be vacated because multiple resulting injuries under the DWI [OWI] statutes do not increase the number of crimes, only the severity of the penalty." *See* Brief of Appellee at 7. Here, Lockhart pled guilty to operating a vehicle resulting in death and reckless homicide, not two offenses under the OWI statutes.

A conviction for reckless homicide must be treated differently. In *Kelly*, we recognized that difference when we stated:

"In crimes such as murder, manslaughter, battery and *reckless homicide*, the gravamen of the offense is causing the death or injury of another person, i.e., the result is part of the definition of the crime. Thus, in these offenses *where several deaths or injuries occur* in the course of a single incident, the offense prohibited by statute has been violated several times over. The separate victims represent different offenses because conduct has been directed at each particular victim."

*Kelly*, 527 N.E.2d at 1155 (emphases added). Similarly, in *Marshall v. State* (1990), Ind. App., 563 N.E.2d 1341, *trans. denied*, a case directly on point, we reaffirmed that a defendant could be convicted and sentenced on separate counts of operating a vehicle resulting in death and reckless homicide "if not based upon the death of a *single individual.*" *Id.* at 1343 (emphasis added); *see also Drossos v. State* (1982), Ind.App., 442 N.E.2d 1, 6, *trans. denied; Carter v. State* (1981), Ind. App., 424 N.E.2d 1047, 1048. In other words, as long as the victims alleged in the OWI charge and the reckless homicide charge are different, there is no double jeopardy violation.

Here, Lockhart's intoxication caused two deaths. He pled guilty pursuant to a plea agreement to separate charges of operating a vehicle resulting in the death of Grimes and to the reckless homicide of Ms. Hamilton, as well as to the charge of criminal recklessness against Mr. Hamilton. Lockhart's sentences for both convictions resulting from the deaths of Grimes and Ms. Hamilton must stand because the convictions involved different victims and different crimes. Therefore, the trial court's order imposing consecutive sentences for operating a vehicle resulting in death and for reckless homicide did not violate the prohibition against double jeopardy. *See Marshall*, 563 N.E.2d at 1343.

■ Finally, Lockhart's consecutive sentence on the criminal recklessness conviction must also stand. The post-conviction court, in denying Lockhart's petition, cited our decision in *Dawson v. State* (1993), Ind.App., 612 N.E.2d 580, for the proposition that Lockhart's consecutive sentences for operating a vehicle resulting in death and criminal recklessness were appropriate. The post-conviction court concluded there was no violation of double jeopardy because "the reckless act in Count VII [criminal recklessness] is disre-

garding an automatic signal which is different than intoxication." Record at 53. Thus, the post-conviction court found that the predicate act of the criminal recklessness charge was different than the predicate act of the intoxication-related charges resulting in two separate deaths. Further, each of the three charges against Lockhart represented a different victim. While Lockhart asserts that the post-conviction court's reliance on *Dawson* is misplaced,[1] we agree with the court's application of *Dawson* here.

In *Dawson*, we upheld the defendant's convictions for one count of operating while intoxicated resulting in death and one count of reckless homicide although only a single death resulted from the defendant's actions. We held that the prohibition against double jeopardy was not violated and that the multiple convictions for the death of one person could stand because "the offense of reckless homicide was premised on Dawson's wheelie [on his motorcycle], and not on his intoxication, and the offense of OWI death was premised on Dawson's intoxication, and not on the fact that he did a wheelie." *Id.* at 585. Here, as we stated above, the basis of Lockhart's criminal recklessness charge was "disregarding an automatic signal," not intoxication. Lockhart's contention that *Dawson* does not apply to these facts is without merit.

We hold that Lockhart has failed to show that the sentencing court violated the prohibition against double jeopardy when it ordered consecutive sentences pursuant to the plea agreement. The charges to which Lockhart pled guilty were separate crimes and, accordingly, he could be punished separately for each crime. The post-conviction court's denial of Lockhart's petition is affirmed.

Affirmed.

BAKER and RUCKER, JJ., concur.

---

1. Lockhart also asserts that "even the *Dawson* court acknowledges that a Defendant cannot be punished for both a reckless homicide and O.W.I. death which is [are both] predicated upon intoxication." Brief of Appellant at 9. While Lockhart's assertion is correct when the defendant's actions result in only one death, our opinion in *Dawson* clearly permits the imposition of consecutive sentences when there are multiple victims.