42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry MARSHALL, Petitioner-Appellant,
v.
Robert A. FARLEY, Respondent-Appellee.
 No. 93-3399.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1994.*
Decided Dec. 7, 1994.
 
 Before FAIRCHILD, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Terry Marshall is currently serving a twenty-four year sentence arising out of a motor vehicle accident in which six people were killed. Marshall was initially charged with six counts of operating a motor vehicle with a blood alcohol content ("BAC") of .10% or more resulting in death (counts 1, 3, 5, 7, 9, and 11) and six counts of reckless homicide (counts 2, 4, 6, 8, 10 and 12). Upon the counsel and advice of his attorney, Marshall entered a plea of guilty to all twelve counts. In February 1989, Marshall was sentenced to eight years on each count with counts 1 through 4 to be served consecutively and counts 5 through 12 to be served concurrently to each other, but consecutively to counts 1 through 4, making a total sentence of forty years.
 
 
 2
 In October 1989, the state trial court modified Marshall's sentence, vacating five of the six convictions (counts 3, 5, 7, 9, and 11) for operating a motor vehicle with a BAC of .10% or more resulting in death.[1] Marshall's sentence was reduced by eight years to a total of thirty-two years. In December 1990, the Indiana Court of Appeals affirmed five convictions of reckless homicide and remanded the case to the state trial court to vacate either the conviction and sentence for operating a motor vehicle with a BAC of .10% or more resulting in death or the conviction and sentence for reckless homicide arising from the death of the same individual.[2] Marshall v. State, 563 N.E.2d 1341 (Ind.App.1990). In June 1991, the state trial court vacated the conviction on Count 1 for operating a motor vehicle with a BAC of .10% or more resulting in death and reaffirmed its original judgment on Counts 2, 4, 6, 8, 10, and 12 for reckless homicide. Marshall's sentence was reduced to twenty-four years of incarceration.
 
 
 3
 In February 1993, Marshall filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 arguing that multiple convictions of reckless homicide arising out of a single accident violates the Double Jeopardy Clause of the Fifth Amendment. Marshall also argued that the state trial court should have allowed him to withdraw his guilty plea. The district court denied Marshall's petition and he now appeals that decision.[3]
 
 DOUBLE JEOPARDY
 
 4
 Federal courts considering a petition under Sec. 2254 can grant relief only when there is a violation of federal law. Estelle v. McGuire, 112 S.Ct. 475, 480 (1993); Milone v. Camp, 22 F.3d 693, 698 (7th Cir.1994). The district court's conclusions of law are reviewed de novo. Id. ; Quinn v. Neal, 998 F.2d 526, 528 (7th Cir.1993).
 
 
 5
 Marshall argues that his state law convictions on multiple counts of reckless homicide violate the Double Jeopardy Clause of the Fifth Amendment. The Double Jeopardy Clause protects against successive punishments and successive prosecutions for the same criminal offense. United States v. Dixon, 113 S.Ct. 2849, 2855 (1993). When multiple punishments are imposed at a single criminal trial, the interest protected by the Double Jeopardy Clause is limited to ensuring that sentencing courts do not exceed "the limits prescribed by the legislative branch of government, in which lies the substantive power to define crimes and prescribe punishments." Jones v. Thomas, 491 U.S. 376, 381 (1988). See also Albernaz v. United States, 450 U.S. 333, 344 (1981); Whalen v. United States, 445 U.S. 684, 688 (1980). A federal court is bound by the construction of a state statute given to it by the highest court in that state when assessing the intent of the state legislature. Missouri v. Hunter, 459 U.S. 359, 368 (1982) ("We are bound by the Missouri court's construction of that State's statute."); O'Brien v. Skinner, 414 U.S. 524, 531 (1973) ("[I]t is not our function to construe a state statute contrary to the construction given it by the highest court of a State.").
 
 
 6
 Under Indiana law, reckless homicide is defined as the reckless killing of another human being. IND.CODE Sec. 35-42-5 (1988). According to the Indiana Court of Appeals, the Indiana reckless homicide statute is predicated upon causing an individual death so that a new violation occurs each time a person is killed. Kelly v. State, 527 N.E.2d 1148, 1155 (Ind.Ct.App.1988), aff'd, 539 N.E.2d 25 (Ind.1989). In Kelly the court held that:
 
 
 7
 In crimes such as murder, manslaughter, battery and reckless homicide, the gravamen of the offense is causing the death or injury of another person, i.e., the result is part of the definition of the crime. Thus, in these offenses where several deaths occur in the course of a single incident, the offense prohibited by statute has been violated several times over. The separate victims represent different offenses because conduct has been directed at each particular victim.
 
 
 8
 Id. (emphasis added). Indiana's reckless homicide statute is independently violated with the death of each individual victim. See Lockhart v. State, 632 N.E.2d 374, 376 (Ind.Ct.App.1994), trans. denied, ("[A]s long as the victims alleged in the [operating a motor vehicle while intoxicated] charge and the reckless homicide charge are different, there is no double jeopardy."); Drossos v. State, 442 N.E.2d 1, 6 (Ind.Ct.App.1983) (noting in a case involving multiple deaths arising from a single car accident that "there was but one homicide of each victim").
 
 
 9
 We agree with the district court that the Indiana Court of Appeals is as good a judge or better judge of the intent of the General Assembly of Indiana than this court. Accordingly, we find no violation of the Double Jeopardy Clause here where Marshall was sentenced for separate counts of reckless homicide as against each of his victims.
 
 WITHDRAWAL OF GUILTY PLEA
 
 10
 Marshall also claims that the state trial court erred by failing to sua sponte offer him the opportunity to withdraw his guilty plea after denying his motion for modification of sentence. We find this claim to be without legal basis.[4] The Indiana Court of Appeals denied Marshall's request to withdraw his guilty plea on his failure to comply with state procedural requirements and request leave of the state trial court to withdraw his guilty plea.[5] Marshall, 563 N.E.2d at 1343. Under Indiana criminal law a guilty plea may be withdrawn after sentencing only upon motion of the convicted and proof that withdrawal is necessary to correct a manifest injustice. IND.CODE Sec. 35-35-1-4(c) (1993).[6] If the motion to withdraw a guilty plea is not in writing and verified the issue is waived. Flowers v. State, 528 N.E.2d 57, 59 (Ind.1988); Smith v. State, 593 N.E.2d 1208, 1209 (Ind.Ct.App.1993), trans. denied.
 
 
 11
 When a state court clearly rests its judgment on state law, including state procedural rules, the judgment is deemed based upon independent and adequate grounds and a federal court will not subsequently review for issues of federal law. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Harris v. Reed, 489 U.S. 255, 260 (1988). "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 111 S.Ct. at 2465. See also Crank v. Duckworth, 969 F.2d 363, 364 (7th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); Williams v. Chrans, 894 F.2d 928, 934 (7th Cir.1990). Marshall has failed to allege any cause for his default and we find no prejudice to Marshall's constitutional rights. The record demonstrates that Marshall knowingly and voluntarily entered a guilty plea and any errors that occurred because of duplicative sentencing have already been corrected through the state appellate process.
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 12
 In his initial appeal to the Indiana Court of Appeals Marshall raised the claim of ineffective assistance of counsel. In his habeas petition to the district court Marshall did not raise this issue. "The law is clear that any claim not presented to the district court is waived on appeal." Dortch v. O'Leary, 863 F.2d 1337, 1342 (7th Cir.1988), cert. denied, 490 U.S. 1049 (1989). Because Marshall did not raise the issue of ineffective assistance of counsel in his petition to the district court, this issue is not properly before us on appeal. Drake v. Clark, 14 F.3d 351, 355 (7th Cir.1994); Smith v. Fairman, 862 F.2d 630, 635 (7th Cir.1988), cert. denied, 490 U.S. 1008 (1989).
 
 
 13
 The judgment of the district court is, therefore, AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Under Indiana law, a person cannot be sentenced for multiple counts of driving with a blood alcohol count of .10% or more resulting in death based upon multiple deaths in one accident. Walker v. State, 582 N.E.2d 877 (Ind.Ct.App.1991). Nor may multiple deaths in a single accident give rise to more than one count of operating a motor vehicle while intoxicated resulting in death. Kelly v. State, 527 N.E.2d 1148 (Ind.Ct.App.1988), aff'd, 539 N.E.2d 25 (Ind.1989)
 
 
 [2]
 Under Indiana law a person cannot be punished for both reckless homicide and operating a motor vehicle while intoxicated resulting in death based upon the death of the same person. Dawson v. State, 612 N.E.2d 580 (Ind.Ct.App.1993); Carter v. State, 424 N.E.2d 1047 (Ind.Ct.App.1981)
 
 
 [3]
 On appeal, Marshall also claims that the appellees defaulted in the district court by filing their response to the court's Order to Show Cause twelve days after the initial deadline. Whether to grant a Motion for Leave to File Instanter is firmly within the discretion of the district court. We find no abuse of discretion by the district court
 
 
 [4]
 Marshall cites Niece v. Indiana, 456 N.E.2d 1081 (Ind.Ct.App.1983), for the proposition that a defendant must be given the opportunity to withdraw his guilty plea if a sentence was improperly imposed. We note that appellant misreads Niece and find the case factually distinguishable. In Niece the defendant pled guilty based upon a plea agreement that called for a suspended sentence which the court could not grant. Id. at 1087. Under such circumstances, the Indiana Court of Appeals found that the overall voluntariness of the plea was suspect and felt that the court should have given the defendant the opportunity to withdraw his guilty plea. Id. Here, Marshall's guilty plea was not predicated on any sentencing conditions at all and the voluntariness of his plea is not questioned
 
 
 [5]
 In his reply brief, Marshall alleges that he did comply with state procedural requirements by filing a Verified Motion to Withdraw Guilty Plea on June 27, 1991. According to Marshall, the trial court believed that Marshall's request would be best treated as a Petition for Post Conviction Relief. Marshall alleges that on January 24, 1992 he filed a Petition for Post Conviction Relief and that he does not know the disposition of this motion. We note first that Marshall's motion was filed after the Indiana Court of Appeals December, 1990 ruling and as such is irrelevant to the correctness of that ruling. Second, we note that Marshall argues only that the state allegedly failed to follow its own procedures, not that such a failure impacted on the constitutionality of his conviction, and as such Marshall raises only a state law claim which this court can not review
 
 
 [6]
 Section 35-35-1-4(c) of the Indiana Code of Criminal Procedure reads in relevant part:
 After being sentenced following a plea of guilty ... the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice.