

**FILED**

Jun 21 2017, 8:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Mark A. Bates
Schererville, Indiana

Thomas W. Vanes
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian L. Paquette,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 21, 2017

Court of Appeals Case No.
63A04-1612-CR-2891

Appeal from the Pike Circuit Court

The Honorable Jeffrey L.
Biesterveld, Judge

Trial Court Cause No.
63C01-1602-F3-373

**Vaidik, Chief Judge.**

# Case Summary

[1] While high on methamphetamine and fleeing from police, Brian Paquette collided with two other vehicles, killing three people and seriously injuring another. The State filed nine charges against Paquette with regard to the deceased victims: three counts each of resisting law enforcement by fleeing in a vehicle causing death, operating a vehicle with methamphetamine in his blood causing death, and reckless homicide. Paquette agreed to plead guilty to all nine charges but reserved the right to argue that only one conviction and sentence for resisting (the most serious charge, a Level 3 felony) should be entered because all three deaths resulted from a single act of resisting. The trial court rejected that argument and entered three convictions and three consecutive sentences on the resisting counts (and merged the remaining, lower-level counts). Paquette appeals, renewing his argument. Because only one conviction is permissible under this Court's longstanding interpretation of the resisting-law-enforcement statute, we remand this matter to the trial court with instructions to enter convictions for operating a vehicle with methamphetamine in his blood causing death (a Level 4 felony) as to two of the three deceased victims and to resentence Paquette accordingly.

# Facts and Procedural History

[2] On the night of February 12, 2016, Paquette was high on methamphetamine and driving northbound in the southbound lanes of I-69 near Petersburg. When Indiana State Trooper James Manning tried to stop him, Paquette crossed the

median and began driving southbound in the northbound lanes. He collided with a car occupied by Stephanie Molinet and Autumn Kapperman and then with an SUV occupied by Jason and Samantha Lowe. Molinet, Kapperman, and Jason Lowe died, and Samantha Lowe was seriously injured.

[3] The State charged Paquette with three crimes relating to each of the deceased victims: resisting law enforcement by fleeing in a vehicle causing death, a Level 3 felony; operating a vehicle with methamphetamine in his blood causing death, a Level 4 felony; and reckless homicide, a Level 5 felony. He was also charged with operating a vehicle with methamphetamine in his body causing serious bodily injury, a Level 6 felony, with regard to Samantha Lowe, and possession of methamphetamine, a Level 6 felony.[1] Paquette agreed to plead guilty on all of these charges but reserved the right to ask the court to enter only one conviction and sentence for the most serious charge, resisting law enforcement, because he engaged in only one act of resisting. The parties briefed the issue, and the trial court ruled that three separate convictions and sentences are permissible. However, the court also ruled that Paquette would have the right to appeal the issue.

[4] The court entered convictions on all three counts of resisting law enforcement and on the charge of operating a vehicle with methamphetamine in his body

---

[1] The State also charged Paquette with involuntary manslaughter based on the fact that Kapperman was pregnant at the time of the collision and her fetus did not survive, but that charge was dismissed after Kapperman's doctor opined that the fetus had not "attained viability," as required under the involuntary-manslaughter statute. *See* Ind. Code § 35-42-1-4.

causing serious bodily injury. The court merged the remaining counts (three counts of operating a vehicle with methamphetamine in his blood causing death, three counts of reckless homicide, and possession of methamphetamine) into those four counts. The court imposed the maximum sentence of sixteen years for each count of resisting law enforcement and the maximum sentence of two-and-a-half years for operating a vehicle with methamphetamine in his body causing serious bodily injury, all consecutive, for a total of fifty-and-a-half years.

[5] Paquette now appeals.

# Discussion and Decision

[6] Paquette contends that Indiana's resisting-law-enforcement statute, Indiana Code section 35-44.1-3-1, allows only a single resisting conviction under the facts of this case and that the trial court therefore erred by entering three convictions and sentences against him. The interpretation of a statute is a question of law that we review de novo. *State v. Smith*, 71 N.E.3d 368, 370 (Ind. 2017). We agree with Paquette's reading of the statute and remand this matter for the entry of a revised judgment and sentence.[2]

---

[2] Paquette also argues that the sentence imposed by the trial court is inappropriate. Because Paquette's sentence is going to change on remand, we will not address this argument.

[7]     Subsection (a) of section 35-44.1-3-1 sets out the acts that constitute the crime of resisting law enforcement:

> A person who knowingly or intentionally:
>
> (1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties;
>
> (2) forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or
>
> (3) flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop;

Ind. Code § 35-44.1-3-1(a). The last sentence of subsection (a) states that resisting law enforcement is a Class A misdemeanor "except as provided in subsection (b)." *Id.*

[8]     Subsection (b) then identifies a variety of circumstances that enhance the seriousness of the crime, and therefore the sentencing range:

> The offense under subsection (a) is a:
>
> (1) Level 6 felony if:
>
>> (A) the offense is described in subsection (a)(3) and the person uses a vehicle to commit the offense; or

(B) while committing any offense described in subsection (a), the person draws or uses a deadly weapon, inflicts bodily injury on or otherwise causes bodily injury to another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person;

(2) Level 5 felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes serious bodily injury to another person;

(3) Level 3 felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes the death of another person; and

(4) Level 2 felony if, while committing any offense described in subsection (a), the person operates a vehicle in a manner that causes the death of a law enforcement officer while the law enforcement officer is engaged in the officer's official duties.

*Id.* at (b).[3]

[9] The structure of subsections (a) and (b) is essentially the same as it was in 1990, when the statute was codified at Indiana Code section 35-44-3-3 and this Court decided *Armstead v. State*, 549 N.E.2d 400 (Ind. Ct. App. 1990).[4] Armstead

---

[3] Subsections (c) through (f) are irrelevant to the issue before us.

[4] In 1990, subsections (a) and (b) of the statute provided:

(a) A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer;

resisted and injured three officers during one incident and was convicted of three counts of resisting law enforcement. He appealed, arguing that he could not "be held liable for more than one count of resisting law enforcement when the charges stem from a single event." *Id*. at 401. We agreed, explaining as follows:

> The offense of resisting law enforcement is codified at Ind. Code 35-44-3-3. The offenses set forth in title 35, art. 44, ch. 3 do not constitute crimes against the person. Rather, they are interferences with governmental operations constituting offenses against public administration. A person who violates Ind. Code 35-44-3-3 harms the peace and dignity of the State of Indiana and its law enforcement authority. The harm caused by one incident is the same regardless of the number of police officers resisted. It is the act of resisting duly constituted authority which the statute prohibits, not resisting individual representatives of that authority.

---

> (2) forcibly resists, obstructs, or interferes with the authorized service or execution of a civil or criminal process or order of a court; or
>
> (3) flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop;

commits resisting law enforcement, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense under subsection (a) is a:

> (1) Class D felony if, while committing it, the person draws or uses a deadly weapon, inflicts bodily injury on another person, or operates a vehicle in a manner that creates a substantial risk of bodily injury to another person; and
>
> (2) Class C felony if, while committing it, the person operates a vehicle in a manner that causes serious bodily injury to another person.

Ind. Code § 35-44-3-3 (1988). The "operates a vehicle in a manner that causes the death of another person" enhancement was added, as subparagraph (b)(3), in 1993. *See* P.L. 248-1993, § 1.

*Id*. We added that "unless more than one incident occurs, there may be only one charge." *Id*. at 402. We have reached the same conclusion numerous times since. *See*, *e.g., Lewis v. State*, 43 N.E.3d 689, 691 (Ind. Ct. App. 2015); *Arthur v. State*, 824 N.E.2d 383, 387 (Ind. Ct. App. 2005), *trans. denied*, *disapproved on other grounds by Brock v. State*, 955 N.E.2d 195 (Ind. 2011); *Nevel v. State*, 818 N.E.2d 1, 5 (Ind. Ct. App. 2004); *Miller v. State*, 726 N.E.2d 349, 352 (Ind. Ct. App. 2000), *reh'g denied*, *summ. aff'd*, 753 N.E.2d 1284 (Ind. 2001), *reh'g denied*; *Touchstone v. State*, 618 N.E.2d 48, 49 (Ind. Ct. App. 1993).

[10] Notwithstanding this longstanding interpretation of the resisting-law-enforcement statute, the State contends that we should read the statute to allow for multiple resisting convictions where a single act of resistance leads to the injury or death of multiple people. We decline to do so. Compare the resisting statute to the operating-while-intoxicated-causing-death statute, Indiana Code section 9-30-5-5. Subsection (d) of that statute provides that a person who violates it "commits a separate offense for each [victim] whose death is caused by the violation[.]" The General Assembly added that provision to the statute after this Court held, and our Supreme Court agreed, that without such a provision, the operating-while-intoxicated statutes did not permit multiple convictions even where the defendant caused multiple injuries or deaths. P.L. 53-1994, § 6; *see also Kelly v. State*, 527 N.E.2d 1148 (Ind. Ct. App. 1988), *aff'd*, 539 N.E.2d 25 (Ind. 1989). The legislature added a similar provision to the arson statute, Indiana Code section 35-43-1-1, after our Supreme Court held that the former version allowed only one arson conviction regardless of the

number of people injured. *See* Ind. Code § 35-43-1-1(e) ("A person who commits an offense under subsection (a), (b), (c), or (d) commits a separate offense for each person who suffers a bodily injury or serious bodily injury that is caused by the violation of subsection (a), (b), (c), or (d).") (added by P.L. 158-2013, § 452); *see also Mathews v. State*, 849 N.E.2d 578 (Ind. 2006). The legislature has thus far decided not to add such a provision to the resisting statute, and we will not read one into it.

[11] The State also cites *Whaley v. State*, 843 N.E.2d 1 (Ind. Ct. App. 2006), *trans. denied*, which the trial court relied upon in ruling against Paquette. In that case, a panel of this Court affirmed two resisting convictions where two officers were injured by a single act of resisting. *Id.* at 14-15. The panel framed the issue as one of double jeopardy under the Indiana Constitution, and it is not entirely clear whether the defendant made the same statutory-interpretation argument that Paquette makes in this case. In any event, to the extent that the Court held that the language of the resisting statute permits multiple convictions based on a single act of resisting, we disagree.

[12] Because Paquette engaged in only one act of resisting, he can be convicted and sentenced on only one count of resisting law enforcement. We therefore reverse the judgment of the trial court and remand this matter for the entry of a revised judgment. Paquette acknowledges that two of the three convictions and sentences for resisting can be replaced by two convictions and sentences for operating a vehicle with methamphetamine in his blood causing death. As already discussed, the statute establishing that crime, unlike the resisting statute,

specifically allows for multiple convictions based on a single act of operating a vehicle. *See* Ind. Code § 9-30-5-5(d). On remand, then, the trial court should enter convictions under that statute for two of the three deceased victims and resentence Paquette accordingly.

[13] Reversed and remanded.

Robb, J., concurs.

Bailey, J., concurs in result without separate opinion.