## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 22 2019, 9:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Bates
Schererville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brian L. Paquette,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 22, 2019

Court of Appeals Case No.
18A-CR-3072

Appeal from the
Pike Circuit Court

The Honorable
Jeffrey L. Biesterveld, Judge

Trial Court Cause No.
63C01-1602-F3-73

**Vaidik, Chief Judge.**

# Case Summary

[1] Brian Paquette appeals the trial court's judgment on remand following our Supreme Court's decision in *Paquette v. State*, 101 N.E.3d 234 (Ind. 2018). We agree with Paquette that some of the convictions entered on remand cannot stand, so we return this matter to the trial court for the entry of a revised sentencing order and abstract of judgment.

# Facts and Procedural History

[2] The facts of this case are detailed in our Supreme Court's opinion. *Paquette*, 101 N.E.3d at 235-36. We summarize them as follows. On the night of February 12, 2016, Paquette was hallucinating after using methamphetamine and was driving northbound in the southbound lanes of I-69 near Petersburg. When Indiana State Trooper James Manning tried to stop him, Paquette crossed the median and began driving southbound in the northbound lanes. He collided with a car occupied by Stephanie Molinet and Autumn Kapperman and then with an SUV occupied by Jason and Samantha Lowe. Molinet, Kapperman (who was pregnant), and Jason Lowe were killed, and Samantha Lowe was seriously injured.

[3] The State filed twelve criminal charges against Paquette. As to the three deceased victims, the State charged Paquette with three counts of resisting law enforcement by fleeing in a vehicle causing death ("resisting causing death"), a Level 3 felony (Counts I-III); three counts of operating a vehicle with

methamphetamine in his blood causing death ("operating causing death"), a Level 4 felony (Counts IV-VI); and three counts of reckless homicide, a Level 5 felony (Counts VII-IX). Counts I, IV, and VII concerned Jason Lowe, Counts II, V, and VIII concerned Molinet, and Counts III, VI, and IX concerned Kapperman. Paquette was also charged with operating a vehicle with methamphetamine in his blood causing serious bodily injury ("operating causing serious bodily injury"), a Level 6 felony, with regard to Samantha Lowe (Count XI) and possession of methamphetamine, a Level 6 felony (Count XII).[1] Paquette agreed to plead guilty on all of these charges but reserved the right to ask the court to enter a resisting-causing-death conviction as to only one of the deceased victims, with lesser convictions for the other two, on the theory that he engaged in only one act of resisting for purposes of Indiana's resisting-law-enforcement statute, Indiana Code section 35-44.1-3-1. The parties briefed the issue, and the trial court ruled that three separate convictions and sentences are permissible. However, the court also ruled that Paquette would have the right to appeal the issue.

[4] The court entered convictions on all three counts of resisting causing death (Counts I-III) and on the charge of operating causing serious bodily injury (Count XI). The court merged the seven remaining counts (three counts of

---

[1] In Count X, the State charged Paquette with involuntary manslaughter based on the fact that Kapperman was pregnant at the time of the collision and her fetus did not survive. That charge was dismissed after Kapperman's doctor opined that the fetus had not "attained viability," as required under the involuntary-manslaughter statute in effect in February 2016. *See* Ind. Code § 35-42-1-4 (2014).

operating causing death, three counts of reckless homicide, and possession of methamphetamine) into those four counts. The court imposed the maximum sentence of sixteen years for each count of resisting causing death and the maximum sentence of two-and-a-half years for operating causing serious bodily injury, all consecutive, for a total of fifty-and-a-half years.

[5] On appeal, this Court agreed with Paquette that his single act of resisting could give rise to only one conviction for resisting causing death under Section 35-44.1-3-1, even though he caused multiple deaths. *Paquette v. State*, 79 N.E.3d 932 (Ind. Ct. App. 2017). As such, we directed the trial court to enter convictions and sentences for the lesser offense of operating causing death (a Level 4 felony) as to "two of the three deceased victims" (since the statute for that offense, Indiana Code section 9-30-5-5, specifically allows for multiple convictions when multiple deaths are caused), which would have left in place one conviction and sentence for the more serious offense of resisting causing death (a Level 3 felony). *Id.* at 936. Our Supreme Court granted the State's petition to transfer on the resisting-law-enforcement issue but reached the same conclusion we had: that a single act of resisting can support only one conviction for resisting law enforcement. *Paquette*, 101 N.E.3d at 241. However, the Court's remand instructions differed slightly from ours. It directed the trial

court to enter convictions under the operating-causing-death statute for "all" of the deceased victims, not just two of the three. *Id.* at 242.[2]

[6] On remand, the trial court read our Supreme Court's opinion to mean that Paquette could be convicted of one count of resisting causing death **and** all three counts of operating causing death. In an attempt to get to one conviction and sentence for resisting causing death, the trial court initially entered separate convictions and sentences—this time twelve years—on all three counts of resisting-causing-death but stated that the second and third counts "shall merge" into the first count. Appellant's App. Vol. II p. 10. And as directed by the Supreme Court, the trial court entered convictions on all three operating-causing-death counts (Counts IV-VI). It imposed a sentence of twelve years for each of those three counts. The court ordered the four twelve-year sentences (one for resisting causing death, three for operating causing death) to run consecutive to one another and to the two-and-a-half-year sentence for operating causing serious bodily injury (Count XI), resulting in the same aggregate sentence as before: fifty-and-a-half years. The court also entered a conviction and a two-and-a-half-year sentence for possession of

---

[2] During its 2019 session, the General Assembly responded to the Supreme Court's decision by amending Indiana Code section 35-44.1-3-1 to allow for multiple resisting convictions based on a single act of resisting when the defendant injures or kills multiple victims. *See* P.L. 184-2019 § 12.

methamphetamine (Count XII) but ordered that sentence to run concurrent with the other sentences.[3]

[7] Paquette now appeals.

# Discussion and Decision

[8] Paquette raises three issues on appeal. First, he contends that the trial court erred by "merging" the second and third resisting-causing-death convictions and sentences with the first instead of vacating them. Second, he argues that the trial court erred by entering convictions on both Count I (resisting causing death) and Count IV (operating causing death) because both charges were based on the death of a single victim, Jason Lowe. Third, he asserts that his sentence of fifty-and-a-half years is inappropriate in light of the nature of his offenses and his character.

[9] The State concedes error on the first issue. "Merger" does not avoid a double-jeopardy problem when convictions and sentences are entered on all the counts in question, as occurred here with the three resisting-causing-death counts. *See Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006); *Carter v. State*, 750 N.E.2d 778, 781 (Ind. 2001). We therefore remand this matter to the trial court for the entry of a revised sentencing order and abstract of judgment indicating that no

---

[3] It is unclear why the trial court entered a separate conviction and sentence for possession of methamphetamine on remand when it did not do so originally, but Paquette does not challenge that aspect of the trial court's revised judgment.

separate convictions or sentences have been entered on the second and third counts of resisting causing death (Counts and III).

[10] The State also concedes error on the second issue. When a defendant's conviction for one crime is enhanced for causing particular additional harm, that harm cannot also be used as an enhancement of a separate crime. *See, e.g.*, *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002); *Deloney v. State*, 938 N.E.2d 724, 731 (Ind. Ct. App. 2010), *reh'g denied*, *trans. denied*. Here, Count I (resisting causing death) and Count IV (operating causing death) were both elevated based on the death of Jason Lowe, so Paquette cannot be convicted on both counts.

[11] The parties tell us that the way to remedy this problem is to vacate the operating-causing-death conviction relating to Jason Lowe, leaving the more serious resisting-causing-death conviction in place. In its opinion, the Supreme Court did say, "Accordingly, we reverse the trial court as to **two of the three** convictions for felony resisting law enforcement." *Paquette*, 101 N.E.3d at 242 (emphasis added). That sentence implies that convictions for the lesser offense of operating causing death should be entered as to only two of the three deceased victims, as this Court said in its original opinion. *See Paquette*, 79 N.E.3d at 936. However, in the very next sentence of its opinion, the Supreme Court specifically directed the trial court to enter convictions under the operating-causing-death statute "**for all victims**." *Paquette*, 101 N.E.3d at 242 (emphasis added). Consistent with that direction, we will not instruct the trial court to vacate any of the operating-causing-death convictions.

[12] Therefore, to avoid a double-jeopardy problem, Paquette's conviction for resisting causing the death of Jason Lowe must be vacated. However, there is no reason Paquette cannot be convicted of a count of resisting law enforcement that is **not** enhanced for causing a death. As such, we instruct the trial court to enter a conviction under Count I for the reduced offense of resisting law enforcement by fleeing in a vehicle (a Level 6 felony, Ind. Code § 35-44.1-3-1(b)(1)(A)) with a sentence of two-and-a-half years, to run consecutive to his other sentences. The sentencing order and abstract of judgment must be revised accordingly. This change will result in a total sentence of forty-one years: two-and-a-half years on Count I, twelve years each on Counts IV-VI, and two-and-a-half years on Count XI, all consecutive, along with a concurrent sentence of two-and-a-half years on Count XII (possession of meth).

[13] To the extent Paquette would contend that a forty-one-year sentence is inappropriate in this case, we disagree. We acknowledge that Paquette had no criminal history, that he accepted responsibility by pleading guilty, and that this incident occurred shortly after the death of his father. However, the trial court, after watching and listening to Paquette at the sentencing hearing, concluded that Paquette "lacks remorse for his actions." Appellant's App. Vol. II p. 8. There was also evidence presented that after the crash Paquette talked with his mother about depleting his assets "so that the families wouldn't take it[.]" Tr. Vol. II p. 191. Finally, on at least two occasions in the weeks leading up to this incident Paquette drove while hallucinating on meth. Exs. 2, 20. He went to the hospital both times but rejected offers for long-term treatment. Exs. 2, 16.

In short, Paquette was a ticking time bomb, and he knew it. Given this evidence and the sheer carnage Paquette caused, we cannot say that a sentence of forty-one years is an "outlier" in need of revision under Appellate Rule 7(B). *See Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008) ("The principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case.").

[14] Reversed in part and remanded.

Kirsch, J., and Altice, J., concur.